**IN THE UNITED STATES DISTRICT COURT OF THE
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

MAY 15 2012

**RANDY GILL AND BEVERLY GILL**                                      **PLAINTIFF**

**V.**                                      CAUSE NO. _4:12CV79 HTW-LRA_

**CITY OF PHILADELPHIA, MISSISSIPPI; CITY OF
PHILADELPHIA POLICE DEPARTMENT, NESHOBA
COUNTY, MISSISSIPPI; NESHOBA COUNTY, MISSISSIPI
SHERIFF'S DEPARTMENT; RICHARD SISTRUNK, CHIEF OF
POLICE FOR THE PHILADELPHIA POLICE DEPARTMENT;
DONNIE ATKINS, FORMER SHERIFF OF NESHOBA COUNTY,
MISSISSIPPI; MARK GORE; PAUL PAYNE; JIMMY
LOVORN; RAYBURN WADDELL, FORMER MAYOR OF
THE CITY OF PHILADELPHIA; LARRY SMITH; AND
FICTITIOUS DEFENDANTS X, Y, AND Z**                                      **DEFENDANTS**

**JURY TRIAL REQUESTED**

**COMPLAINT**

  **COMES NOW** the Plaintiff herein, **RANDY GILL** and **BEVERLY GILL**, (hereinafter

referred to as "Plaintiffs or "Plaintiff Gill"), by and through counsel, and files this his

"***Complaint***" against the **CITY OF PHILADELPHIA, MISSISSIPPI** (hereinafter referred to as

"Defendant CPM" or at times "The City"), **CITY OF PHILADELPHIA, MISSISSIPPI**

**POLICE DEPARTMENT** (hereinafter referred to as "PPD"), **NESHOBA COUNTY,**

**MISSISSIPPI** (hereinafter referred to as ("Defendant Neshoba County"); **NESHOBA**

**COUNTY, MISSISSIPPI SHERIFF'S DEPARTMENT** (hereinafter referred to as "Defendant

NCSD"), **RICHARD SISTRUNK, CHIEF OF POLICE FOR THE CITY OF**

**PHILADELPHIA** (hereinafter referred to as or "Defendant Sistrunk"), **DONNIE ATKINS,**

**FORMER SHERIFF OF NESHOBA COUNTY, MISSISSIPPI** (hereinafter referred to as "Defendant Atkins"), **MARK GORE**, (hereinafter referred to as "Defendant Gordon"), **PAUL PAYNE** (hereinafter referred to as "Defendant Payne"), **JIMMY LOVORN** (hereinafter referred to as "Defendant Lovorn "), **LARRY SMITH** (hereinafter referred to as "Defendant Smith"), **RAYMOND WADDELL, FORMER MAYOR OF THE CITY OF PHILADELPHIA, MISSISSIPPI** (hereinafter referred to as "Defendant Waddell"), and **FICTITIOUS DEFENDANTS X, Y and Z**, would show unto the Court the following, to-wit:

## INTRODUCTION

1.     Plaintiffs charge Defendants with, *inter alia*, deprivation of property and liberty; false arrest, abuse of process; constitutional deprivation under the First, Fourth, and Fourteenth Amendments of the United States Constitution; violations of, *inter alia*, *42 U.S.C. Section 1983* on the part of the individual defendants named herein for having, *inter alia*, using unjustified and unnecessary or excessive force in the arresting of Plaintiff Randy Gill and engaging in said acts "under color" of law to cause injury to Plaintiffs by their official acts and misconduct that included, *inter alia*, racial discrimination and retaliation under *42 U.S.C. Section 1981*; that as a result of said actions and misconduct, Plaintiffs are entitled to an award of actual, compensatory and punitive damages against the Defendants.

2.     Under each charge, Plaintiffs seek the remedies available to them against the Defendants, ***City of Philadelphia, Mississippi***; ***City of Philadelphia Police Department***; ***Neshoba County, Mississippi***; ***Neshoba County Sheriff's Department***; and the individual Defendants named herein referenced collectively as ("***Defendants***") for their acts and misconduct.  Plaintiffs are suing the Defendants ***Atkins***, ***Sistrunk***, ***Gore***, ***Payne***, ***Waddell***, ***Lovorn*** and ***Smith***, in their individual and official capacities; and Plaintiffs seek in addition to

2

actual and compensatory damages, punitive damages as well against the individual Defendants, named herein for *inter alia*, their willful, malicious acts and conduct and to deter such conduct on the part of the individual Defendants, in the future; and to prevent these individual Defendants, from engaging in such conduct with ***deliberate indifference*** to the consequences such as in the case, *sub judice*, and for their blatant constitutional violations as set forth herein in this ***Complaint***.

      3.     Plaintiffs also make claim for any and all other available federal remedies available to them arising out of the ***operative facts*** surrounding the illegal search of the Plaintiffs' property on May 16, 2009, arrest of Plaintiff Randy Gill on May 16, 2009, and constitutional deprivation; and the taking of the life, liberty and property of Plaintiff Randy Gill; and any and all causes of action that inure to them against any and all agents, representatives of the Defendants; and any of those individuals that acted in concert with the named Defendants that resulted in the constitutional violations and deprivations of the Plaintiffs.

      4.     Plaintiffs claim that the Defendants engaged in "***intimidation***" that in the constitutionally proscribable sense of the word is a type of ***true threat***, where the Defendants direct a threat to a person or group of persons with the intent of placing the victim in fear of bodily harm. Plaintiffs would show that "***true threats***" encompass those statements made means to communicate a serious expression of intent to commit an act of unlawful violence to a particular individual or group of individuals such as the Plaintiffs in the case, *sub judice*. *Watts v. United States, 394 U.S. 705, 708 (1969); R. A. V. v. City of St. Paul, 505 U.S. 377, 112 S. Ct. 2538, 120 L. Ed. 2d 3059 (1992).*

      5.     Plaintiffs would show that the agents of the City and County entities that are named Defendants herein for the deprivations of life, liberty and property; unlawful seizure and

prosecution of Plaintiff Randy Gill.  Plaintiffs are filing suit against the individual defendants named herein in their ***personal capacity*** seeking to impose personal liability upon a government official for actions taken "***under color***" of state law.  *Ellis v. Miss. Dep't of Health, 2008 U.S. Dist. LEXIS 37951 (N.D. Miss. May 8, 2008)*; and *Hafer v. Melo, 502 U.S. 21 (1991)*.

6.      Plaintiffs also claim that actions have been taken against them by those employees of the City and County were with such ***deliberate indifference*** to their rights and that they have been subjected to, *inter alia*, deprivation of their life, liberty and property for having made complaints of the illegal conduct of the Defendants for having damaged the property of the Plaintiffs; unlawfully searched the property of the Plaintiffs; failing to "***knock and announce***" prior to causing extensive physical damages to the Plaintiffs' property and unlawfully arresting Plaintiff Randy Gill.  As a result, Plaintiffs seek relief afforded to them from this ***racial discrimination and retaliation*** pursuant to *42 U.S.C. Section 1983* as an independent cause of action against the individual Defendants named herein.  *Upchurch v. City of Moss Point, 2011 U.S. Dist. LEXIS 124116 (S.D. Miss. Oct. 26, 2011)*.

7.      Plaintiffs further claim that the individual defendants named herein, engaged in a conspiracy for the purpose of depriving, either directly or indirectly, Plaintiff Randy Gill's equal protection of the laws or of equal privileges and immunities under the laws; his First Amendment right of expression and speech; and that in furtherance of such conspiracy Plaintiffs were "injured" and "their property" taken and damaged and Plaintiffs suffered as a result of the acts and conduct described herein.  Plaintiffs have been deprived of their rights or privileges as citizens of the United States for which they seeks relief; and they each suffered injury, damage and loss when the Defendants' lacked ***probable cause*** to search the premises of their land and

4

property located at 245 Carver Avenue, Philadelphia, Mississippi 39350. *Upchurch v. City of Moss Point, supra.*

8.      Plaintiffs would show that this "***concerted effort***" on the part of Defendants City and County, and their agents and former agents named herein, was racially motivated as Plaintiffs, Randy and Beverly Gill, are African American and the Defendants named herein are all Caucasian. *Upchurch v. City of Moss Point, 2011 U.S. Dist. LEXIS 124116 (S.D. Miss. Oct. 26, 2011).*

9.      Plaintiffs make claim certain defendants acted "***in concert***" with ***Waddell***, ***Atkins***, ***Sistrunk***, ***Gore***, and ***Payne*** and their unlawful conduct and deprivation of their life, liberty and property of Plaintiffs, and Fourth Amendment claim of ***unlawful seizure*** – and by Plaintiff Gill being subjected to federal malicious prosecution by the defendants.  Plaintiffs would show that the Defendants Gordon, Payne, and Smith joined in the ***concerted activity*** and conspiracy for the purpose of depriving Plaintiff's equal protection of the laws and equal privileges and immunities under the laws; and the constitutional deprivations that resulted in the seizing of the "***life, liberty and property***" of Plaintiff Randy Gill. *Gordy v. Burns, 294 F. 3d 722 (5ᵗʰ Cir. 2002), 2002 U.S. App. LEXIS 11899.*

10.      That Plaintiffs would show that the Defendants ***Waddell***, ***Smith***, *et al* were able to provide ***false information*** to the Municipal Court of the City of Philadelphia that allowed the issuing of the invalid search warrant of the boarding house of the Plaintiffs located on Carver Avenue in Philadelphia, Mississippi.  At the time of the "***search warrant***" there was an ***absence of probable cause*** to search the Plaintiff's land and property; and the "breaking into the boarding house" without providing Plaintiffs and those in the boarding house the opportunity to comply with the law and to avoid the destruction occasioned by the forcible entry; and then to violated

the rights of Plaintiff Randy Gill after he requested a copy of the search warrant, which at that time the Defendants' failed and refused to produce for review. ***Hudson v. Michigan, 547 U.S. 586 (2006)***.

11.     Defendant City knew that the policymaker, Defendant ***Rayburn Waddell*** ("***Mayor Waddell***") not only directed the issuance of the search warrant but knew that at the time of issuance there was a lack of probable cause to search the Gills' property and was in violation of the rights of the Plaintiffs; that the unconstitutional action constitutes a "custom or policy" of the municipality under *42 U.S.C. Section 1983*.  For purposes of *42 U.S.C Section 1983*, those that participated in the "raid" including ***Gore, Payne, Lovorn***, et al are liable for their acts of deliberate indifference to the rights of the Plaintiffs. *Zarnow v. City of Wichita Falls, Tex., 614 F. 3d 161, 2010 U.S. App. LEXIS 16445 (5th Cir. 2010)*.

12.     Plaintiffs would show the premises ***illegally searched*** by Defendants was the parties boarding house located adjacent to the Plaintiffs' restaurant known as "***McClelland's Café and Grocery***" located at 245 A, Carver Avenue, Philadelphia, Mississippi. The boarding house was and is a home to tenants of Plaintiffs that were entitled to special protection.  Plaintiffs seek any and all damages to which they may be entitled to in the premises as a result of the constitutional violations committed by the individual defendants named herein, ***Gore***, et al including any property damage and business losses suffered as a result of the actions of the defendants, ***Wadell, Gore, Lovorn,*** et al.

13.     Plaintiffs, as a result of the actions of the defendants to deprive them of their loss of "life, liberty and property" and being subjected to racial discrimination and retaliation under *Section 1983* by the individual defendants named herein seek any and all relief available to them

6

for the federal deprivations.  These acts and conduct occurred on a continuing basis from and after *May 16, 2009*.

14.     On or about *May 18, 2009*, Plaintiff Randy Gill was *again* arrested by Defendants for *Disorderly Conduct* – failure to comply with request or command of law enforcement officer, *Section 97-35-7 of the Mississippi Code of 1972, Annotated.*  That this charge was brought by the Defendants, Wadell, Defendant City, Defendant County, et al against Plaintiff Randy Gill after he filed a complaint with *Defendant Sistrunk*, Chief of Police for the City of Philadelphia on *May 16, 2009*, after the unlawful search and seizure of the premises.

15.     On *August 18, 2009*, Plaintiff Randy Gill was found not guilty of the charge of *Disorderly Conduct* by the Municipal Court Judge of the City of Philadelphia, Neshoba County, Mississippi at a trial on the charge of *Disorderly Conduct*.

16.     Plaintiffs never received a response from Defendant Sistrunk or any of the Defendants including the City or County or their law enforcement departments named herein to the *complaint* submitted following the search, arrest, and actions taken against Plaintiff Gill and the Plaintiffs on *May 16, 2009*.

17.     Plaintiffs still own the boarding house that was searched by Defendants on May 16, 2009 and they still own and operate the restaurant located adjacent to the searched premises.

## JURISDICTION

18.     Jurisdiction over the claims of Plaintiffs alleged herein arise, *inter alia*, under the First, Fourth, and Fourteenth Amendment of the United States Constitution; and *42 U.S.C. Section 1983; 42 U.S.C. Section 1985 and 42 U.S.C. Section 1981.*  Jurisdiction of this Court over Plaintiffs' claims is invoked pursuant to *28 U.S.C.  Sections 1331 and 1343. .*

7

## PARTIES

19.     Plaintiff Randy Gill is a resident citizen of the State of Mississippi residing at 206 Barrier Avenue, Philadelphia, Neshoba County, Mississippi 39350.

20.     Plaintiff Beverly Gill is a resident citizen of the State of Mississippi residing at 206 Barrier Avenue, Philadelphia, Neshoba County, Mississippi 39350.

21.     Defendant *City of Philadelphia* is a political subdivision of the State of Mississippi, and in accordance with *Rule 4 (d) (7) of the Mississippi Rules of Civil Procedure*, service may be had upon the Defendant *City of Philadelphia* by serving a copy of this *Complaint* and Summons upon the Mayor of Philadelphia, *James Young*, at Philadelphia City Hall, 525 West Main Street #1, Philadelphia Mississippi 39350, 601-656-0669.

22.     Defendant *City of Philadelphia Police Department* is a department of the City of Philadelphia, Mississippi with the purpose of providing for the health, safety, and welfare of the citizens of Philadelphia, Mississippi.  Defendant PPD, is under the authority and control of the Defendant City, and in accordance with *Rule 4(d)(8) of the Mississippi Rules of Civil Procedure*, service may be had by serving a copy of this *Complaint* and Summons upon the Chief of Police of the City of Philadelphia, *David Edwards*, at Philadelphia Police Department, 523 West Main Street, Philadelphia Mississippi 39350, 601-656-2131.

23.     Defendant *Neshoba County Sheriff's Department* is a department of the County of Neshoba, State of Mississippi.  Defendant NCSD, is under the authority and control of Neshoba County, Mississippi, and in accordance with *Rule 4(d)(8) of the Mississippi Rules of Civil Procedure*, service may be had by serving a copy of this *Complaint* and Summons upon the Neshoba County Sheriff, and may be served with process of this Court by serving the agent for

service of process as follows: ***Sheriff Tommy G. Waddell***, Neshoba County Sheriff's Department, 401 Beacon Street, Suite 108, Philadelphia Mississippi 39350, 601-656-7659.

24.     Defendant ***Neshoba County, Mississippi*** is a political subdivision of the State of Mississippi, and, in accordance with *Rule 4 (d) (7) of the Mississippi Rules of Civil Procedure*, service may be had on the Defendant Neshoba County, Mississippi by serving a copy of this Complaint and Summons upon the President, Kevin Cumberland, 12180 Road 759, Philadelphia, Mississippi 39350, 601-656-0585.

25.     Defendant ***Richard Sistrunk*** is an adult resident citizen of the State of Mississippi and may be served with process of this Court by serving him at his place of employment, Philadelphia Police Department, 523 West Main Street, Philadelphia, Mississippi 39350, 601-656-2131 or his place of residence: 111683 Road 448, Union, Mississippi 39365.  Defendant Sistrunk is the Police Chief of Philadelphia, Mississippi.

26.     Defendant ***Donnie Atkins*** is an adult resident citizen of the State of Mississippi and may be served with process of this Court by serving him at his place of employment, Neshoba County Sheriff's Department, 401 Beacon Street, Suite 108, Philadelphia, Mississippi 39350, 601-656-7659. Defendant Atkins was the former Sheriff of Neshoba County.

27.     Defendant ***Mark Gore*** is an adult resident citizen of the State of Mississippi and may be served with process of this Court by serving him at his place of employment, Philadelphia Police Department, 523 West Main Street, Philadelphia Mississippi 39350, 601-656-2131.

28.     Defendant ***Paul Payne*** is an adult resident citizen of the State of Mississippi and may be served with process of this Court by serving him at his place of employment: Justice

Court Annex, 200 Byrd Avenue, Philadelphia Mississippi 39350, 601-656-4053 or his place of residence at: 24 Carla Drive, Philadelphia, Mississippi 39350.

29.     Defendant **Jimmy Lovorn**, is an adult resident citizen of the State of Mississippi and may be served with process of this Court by serving him at his place of employment, Philadelphia Police Department, 523 West Main Street, Philadelphia Mississippi 39350, 601-656-2131.

30.     Defendant **Rayburn Waddell** is an adult resident citizen of the State of Mississippi and may be served with process of this Court by serving him at 108 Fieldcast Place, Madison, Mississippi 39110.  Defendant **Rayburn Wadell** at all material times was the Mayor of Philadelphia, Mississippi.

31.     Defendant **Larry Smith** is an adult resident citizen of the State of Mississippi and may be served with process of this Court by serving him at his place of employment, Philadelphia Police Department, 523 West Main Street, Philadelphia Mississippi 39350, 601-656-2131.

32.     At all material times and during the acts alleged herein, Defendant, City of Philadelphia, Philadelphia Police Department, Neshoba County Sheriff's Department, acted by and through its designees and agents each who were acting within the purpose and scope of his agency or employment, and their acts and conduct, as alleged herein, were known to, authorized and ratified by the Defendant, City of Philadelphia, Philadelphia Police Department, and Neshoba County Sheriff's Department, and their actions, as alleged herein, are imputed to the Defendant, City of Philadelphia, Philadelphia Police Department, and Neshoba County Sheriff's Department.  The agents named herein also engaged in acts and misconduct violating the civil

rights of the Plaintiffs; and that their acts and conduct caused Plaintiffs to suffer injury, damage and loss for which they seek recovery.

33.     That *Defendants X,Y, and Z* are fictitious corporations, entities, or persons whose real names and addresses will be made a part of this *Complaint* at such time as they do become ratified by Defendant MDPS and whose actions, as alleged herein, are imputed to Defendant MDPS.

34.     Plaintiffs claim that individual liability exists for the acts and conduct of the Defendants, and Plaintiffs' deprivations and the loss of liberty of Plaintiff Randy Gill; being *seized* by the authorities and incarcerated in violation for a *crime* that he did not commit; and being *maliciously prosecuted* under federal law by the Defendants.

35.     Furthermore, there was an *absence* of probable cause to search the premises of the Plaintiffs; and that the individual defendants engaged in acts of *deliberate indifference* that were engaged in "under color" of law.   The Defendants were either personally involved in the deprivation or that his wrongful actions were casually connected to the deprivations set forth herein. Furthermore, the deprivations claimed at all material times are connected to a governmental custom, regulation or decision officially adopted and promulgated by the body's officers as espoused in *Jones v. Lowndes County, Mississippi, No. 10-60941 (5th Cir., April 18, 2012).*

36.     Plaintiffs make claim for any and all other available state and federal remedies available to them arising out of the *operative facts* surrounding the acts and misconduct of the individual defendants in this action, including the *unlawful arrest* of Plaintiff Randy Gill on *May 16, 2009*; deprivation of his life and liberty; and taking of his land and property, and for actual, compensatory and punitive damages against any and all agents, representatives of the

11

City of Philadelphia, and Neshoba County Sheriff's Department, and any of those individuals that acted *in concert* with those agents and/or representatives of the City of Philadelphia, and Neshoba County Sheriff's Department that resulted in *arrest* and *prosecution* of Plaintiff Randy Gill.

37.     Plaintiff Gill would show that the agents and individual defendants named herein, engaged in acts and misconduct that resulted in deprivations under the Fourth and Fourteenth Amendment of the United States Constitution.

38.     Plaintiffs, Randy and Beverly Gill, at all material times alleged herein were the owners of a boarding house located at 245 Carver Avenue, Philadelphia, Mississippi.

39.     Plaintiffs would show that all of the individuals named herein as Defendants are Caucasian; and Plaintiffs Randy and Beverly Gill are African American and long time residents of Neshoba County, Mississippi.  Plaintiffs would further show that they were the victim of racial profiling by the Defendant City and Defendant County and their agents and designees.

## INTRODUCTION

40.     Plaintiffs would show that on the afternoon of *May 16, 2009*, officers of the City of Philadelphia Police Department and Neshoba County Sheriff's Department "raided" the boarding house owned by the Plaintiffs located at 245 Carver Avenue, Philadelphia, Mississippi. The boarding house is located adjacent to the Plaintiffs' restaurant at 245 A Carver Avenue.

42.     Plaintiff Randy Gill at seeing law enforcement officers at the boarding house, located at 245 Carver Avenue, approached the officers (City and County) to request a copy of the search warrant for the searching and "raiding" of the Plaintiffs' boarding house.

43.     Plaintiffs would show that the law enforcement offices refused to provide Plaintiff Randy Gill or Plaintiff Beverly Gill with a copy of *any* search warrant.  Plaintiff Gill at that time

– while requesting a copy of any search warrant - was "*tazed*" multiple times by law enforcement Defendant Payne; placed in handcuffs by *Defendants Lovorn and Payne*; and by the use of excessive force threw Plaintiff Randy Gill to the ground against his will while the officers "*broke down doors*" and did "*extensive damage to the property*" of the Plaintiffs.  Plaintiff Randy Gill was unlawfully detained by the Defendants while other law enforcement officers, Defendants Smith and Gore unlawfully searched and damaged the property of Plaintiffs.

44.     Plaintiff Randy Gill was later charged on *May 18, 2009* and arrested on that same day for *Disorderly Conduct*.  Defendants ordered the arrest, (*and the second unlawful detention*), after the filing of the formal complaint against law enforcement on May 16, 2009.  After a trial on the criminal charge on *August 18, 2009*, Plaintiff Randy Gill was found not guilty by the Municipal Court of the City of Philadelphia, Mississippi.  It is this set of facts referenced above and the actions of the Defendants that give rise to the claims set forth herein in this *Complaint*.

## STATEMENT OF THE FACTS

45.     Plaintiffs would show that on *May 16, 2009*, a search warrant for the boarding house property was obtained by Defendant Smith with the Philadelphia Police Department, and the person or persons that occupied the dwelling were "*unknown*" by law enforcement.  The primary items sought by law enforcement in the search warrant were, *inter alia*, various controlled substances, marijuana, crack cocaine, ledgers, guns, United States currency and "other illegal substances" under *Sections 41-29-113-121*; and *Section 41-29-139 of the Mississippi Code of 1972, Annotated.*

46.     Law enforcement arrived at the boarding house property at approximately *5:25 p.m.* of the afternoon of *May 16, 2009*.  Plaintiff Randy Gill ("Plaintiff Gill") in seeing the

"activity" and the fact that doors to the boarding house were being "*kicked in*" left the adjacent restaurant to see what was happening at the boarding house owned by Plaintiffs.  Plaintiff Gill was later followed by his wife, Plaintiff Beverly Gill.  Plaintiffs told the law enforcement officers that they owned the property and *requested* a copy of any search warrant as owners of the property being searched and damaged by the Defendants.

47.    Defendants *Lovorn* and *Payne* were abusive to Plaintiff Gill; refused to provide him a copy of *any* search warrant for the premises; used *excessive force* and caused bodily injury to Plaintiff Randy Gill.  Defendants Gore and Payne grabbed his arms and handcuffed Plaintiff Gill despite his pleas; and forced him to the ground.  Defendant Payne used his "*tazer*" multiple times to the left leg of Plaintiff Gill.  Plaintiff Gill was *unlawfully detained* and remained on the ground for approximately thirty (30) minutes and handcuffed until the search was complete by law enforcement.  At this time, Plaintiff Gill was released.  Plaintiff Randy Gill later went to the hospital for treatment of his injuries caused by Defendants Lovorn and Payne.

48.    Plaintiffs would show that the damage caused by the Defendants as a result of the raid and "breaking down doors" to the boarding house was in the amount of at least *$5,000.00*.  Based upon information and belief, Plaintiffs aver that the search of the boarding house *did not* uncover the drugs and narcotics sought by law enforcement; and that the search warrant was obtained without probable cause to search the premises.  Plaintiffs contend that the Defendants *knew* that the search warrant was invalid; knew that there was a lack of probable cause; and knew that there were *no* circumstances that supported any *reasonable suspicion* of exigency when the officers arrived at the boarding house and started "breaking down doors" and causing substantial damage to the property of Plaintiffs.  Simply put, this raid was a form of harassment and was engaged in with the deliberate intent of causing the Plaintiffs injury, damage and harm.

49.     Later during the evening of May 16, 2009, Plaintiff Randy Gill feeling that his rights had been violated, ***hand delivered*** a letter to the office of Defendant Sistrunk, Chief of Police, making a formal complaint against the City and County Law Enforcement Officers, as to the "carrying out" of the raid at his building located at 245 Carver Avenue; actions taken by the members of the City and County law enforcement – his apprehension and being handcuffed – detention and the excessive use of force by ***Defendants Lovorn*** and ***Defendant Payne's*** excessive use of the "***tazer gun***" to his left leg.  Plaintiff Gill informed Defendant Sistrunk that after the search was complete – ***that he was treated and later "searched" like a common criminal*** – before being released.  Plaintiffs felt that they had been violated by the Defendants City and County and those that acted in concert with them.

50.      On ***May 18, 2009***, and two (2) days after the Carver Avenue raid and the filing of Plaintiff Gill's formal complaint with the Chief of Police, an "***Arrest Warrant – Municipal Court***" was issued by the Municipal Court of the City of Philadelphia for Plaintiff Randy Gill for Disorderly Conduct – failure to comply with request or command of Law Enforcement Officer (Section 97-35-7 of the Mississippi Code of 1972, Annotated).

51.     Later that day, May 18, 2009, Plaintiff Gill was arrested (for the ***second time***) and charged with the crime of Disorderly Conduct.  Plaintiff Randy Gill was incarcerated in the Neshoba County Jail and later released from jail after posting the required bond.  Bobby Clark was the officer making the arrest of Plaintiff Randy Gill.

52.     On ***August 18, 2009***, (after hiring of counsel and entering a plea of "not guilty"), Plaintiff Gill went to trial on the charge of Disorderly Conduct before Municipal Judge Steve Cumberland.  After both parties presented testimony, Plaintiff Gill was found to be ***not guilty*** of the crime charged.  Plaintiff Gill was subjected to embarrassment, suffered severe damage to his

reputation in the community and defendants at all times <u>knew</u> that there was ***no probable cause*** to issue a search warrant and cause destruction to the property of the Plaintiffs or to arrest and detain Plaintiff Gill on May 16 or May 18, 2009.  Plaintiff Gill had not acted in a disorderly manner but only made the legal reason for inquiry – that the property being raided and damaged belonged to him and his wife, Beverly Gill – and requesting a copy of the search warrant.

53.     The Defendants failed to make a ***reasonable informed decision*** before taking the action that was adverse to Plaintiff Gill and that resulted in him being deprived of his life and liberty; and subjected to a Fourth Amendment right to be free from unlawful seizure and arrest; and to be free from the deprivation of his property by the Defendants named herein.

54.     The Defendants, simply put, failed to make a reasonable informed decision ***before*** searching, damaging and destroying the property of the Plaintiffs.  The search of the subject property was without probable cause and any claim to the contrary is simply unworthy of credence.  Any reliance by the authorities placed on the decision to search and to arrest, and later incarcerate is a "***flawed and illegal taking***" as described ***cannot*** be said to be "***honestly held***" as in the case, *sub judice*.  *Wright v. Murray Guard, Inc., 455 F. 3d 702 (6th Cir. 2006).*

55.     Plaintiffs would show that as a result of this ***malicious motive*** on the part of each of the defendants named herein, and there is no break in the chain of causation that resulted in the illegal seizing of the property, charging and arrest, and ultimate prosecution of Plaintiff Randy Gill.  *Taylor v. Gregg, 36 F. 3d 453 (5th Cir. 1994).*

56.     Defendants ***Waddell***, ***Gore, Payne*** and ***Sistrunk*** ordered and directed the harassment and illegal seizing and searching of the Carver Avenue premises (and the arrest, tazing and searching of Plaintiff Gill); as well as the subsequent arrest, charging and prosecution

of Plaintiff Randy Gill after his filing of the formal complaint, and thus retaliated against him in violation of federal law.

57.     Plaintiff Gill's rights that were constitutionally protected under the **Fourth and Fourteenth Amendments**, causing him to suffer **loss of life, liberty and property.**

58.     The Defendants named herein, knew better than to take the "**word of some anonymous person**" to search, arrest, damage and prosecute Plaintiff Randy Gill, a long time and well-respected African American businessman in Philadelphia, Mississippi.  The Defendants and each of them individually, **_knew_** that they should have conducted a proper search of the premises but failed and refused to do so.  Plaintiffs were the targets of the investigation and that action taken was based upon race and in retaliation for Plaintiff Gill having stood up for his rights and **complained** to the City Police Chief after the incident and "**raid of the property**" on May 16, 2009.

## COUNT I

59.     Plaintiffs re-allege and hereby incorporate by reference and make a part hereto each and every one of the above numbered paragraphs, inclusive of the allegations of fact contained therein.

60.     Plaintiff Gill was unlawfully subjected by the defendants deprivation of his life and liberty that was and is protected by the United States Constitution, thus he makes a **federal constitutional claim** against the defendants for **federal malicious prosecution** and violation of his rights under the **Fourth Amendment**.  As a result of the acts and misconduct as alleged herein, Plaintiff Gill seeks any and all remedies and damages available to him as a result of the aforementioned acts and conduct that were in violation of state and any other applicable federal law.

## COUNT II

61.     Plaintiffs re-allege and hereby incorporate by reference and make a part hereto each and every one of the above numbered paragraphs, inclusive of the allegations of fact contained therein.

62.     Plaintiff Gill was unlawfully retaliated against for having engaged in the filing of a "formal complaint" with the Defendants.  That the defendants, and each of them, engaged in acts of the inflicting of emotional distress; and Plaintiff Gill seeks any and all remedies and damages available to him as a result of the aforementioned acts and conduct that has caused him to suffer injury, damage, loss of wages, mental anguish, and deprivation of his life and liberty that was *unlawfully seized* from him by the Defendants named herein.

## COUNT III

63.     Plaintiffs re-allege and hereby incorporate by reference and make a part hereto each and every one of the above numbered paragraphs, inclusive of the allegations of fact contained therein.

64.     Plaintiff, Randy Gill, claims that the Defendants named herein, in having him arrested and charged with a crime made illegal use of a legal process; the parties named herein had an illegal motive to prosecute him and that damages resulted from this perverted use of process in violation of the federally protected rights of Plaintiff Randy Gill. *Sullivan v. Boyd Tunica, Inc., 2007 U.S. Dist. LEXIS 11499 (N.D. Miss. Feb. 16, 2007).*

65.     Defendants, and each of them, were well aware of the consequences of their *federal abuse of the legal process*; and malicious acts constituted unlawful conduct that violated policies of the Defendants City and County and that Defendants, and each of them, knew of the federally protected rights of Plaintiff Gill to be free from *unreasonable seizures* of his life and

property.  Defendants still engaged in malicious and willful abuse of the legal process as a result, in part, for Plaintiff Gill having filed a formal complaint with the City Police as a result of the acts and conduct of May 16, 2009.  This retaliation for complaining to the Chief of Police about law enforcement in the City and County was and is unlawful and in violation of the First and Fourteenth Amendments to the United States Constitution; and Plaintiffs seek recovery for any resulting damages as alleged herein.

## COUNT IV

66.     Plaintiffs re-allege and hereby incorporate by reference and make a part hereto each and every one of the above numbered paragraphs, inclusive of the allegations of fact contained therein.

67.     The substantive due process clause protects one such as Plaintiff Gill against arbitrary government action or action that "shocks the conscience" on the part of agents of the Agency.  The action can be "arbitrary" as in the case, *sub judice*, if it is "irrational" or cannot be justified, or if the government action is "fundamentally unfair."   The Due Process Clause protects the liberty that one has under the Bill of Rights.  *Washington v. Glucksburg, 521 U.S. 702 (1977)* and its progeny including *Kadrmas v. Dickenson Publ. Sch., 487 U.S. 450, 458 (1988).*

68.     There was a concerted effort by the individual Defendants named herein to prosecute Plaintiff Gill for a crime in which there was an ***absence*** of probable cause; and that the prosecution of Plaintiff Gill was engaged in with the intent to deprive a person of equal protection or other enumerated constitutional rights.  *Usher v. City of Los Angeles, 828 F. 2d 556, 561-562 (9th Cir. 1987).*  Defendants acted with deliberate indifference and with the intent

to deprive Plaintiff Gill of his constitutional rights to be free from unlawful seizure, incarceration, and deprivation.

69.     Plaintiff Gill would show that the acts and misconduct as alleged herein required each Defendant named herein to act with personal deliberation, decision and judgment; and each of the defendants failed to engage in conduct that was objectively reasonable but acted with the intent and purpose of violating the constitutionally protected rights of Plaintiff Gill.

70.     Plaintiff Gill under the Fourth Amendment had a right to be free from unlawful seizure of his life and liberty; and that he engaged in a (1) a constitutionally protected conduct, (2) was subjected to a retaliatory action sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and (3) there clearly exists a ***causal link*** between the constitutionally protected conduct and the retaliatory action. *Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003). "[T]he key question in determining whether a cognizable First Amendment claim has been stated is whether 'the alleged retaliatory conduct was ***sufficient to deter a person*** of ordinary firmness from exercising his First Amendment rights.'" *McKee v. Hart*, 436 F.3d 165, 170 (3d Cir.) (quoting *Suppan v. Dadonna*, 203 F.3d 228, 235 (3d Cir. 2000)); *see also Crawford-El v. Britton*, 523 U.S. 574, 589 n.10 (1998) ("The reason why such retaliation offends the Constitution is that it threatens to inhibit exercise of the protected right.").

71.     As a result of the acts set forth herein, Plaintiff Gill has suffered injury damage and loss for which he is entitled to recover actual and compensatory damages and punitive damages as well from the Defendants.

## COUNT V

72.      Plaintiffs re-allege and hereby incorporate by reference and make a part hereto each and every one of the above numbered paragraphs, inclusive of the allegations of fact contained therein.

73.      The individual Defendants named herein willfully, intentionally, and maliciously engaged in a civil conspiracy to violate his rights "under color" of state law in violation of *42 U.S.C. § 1983, 1985* and failed to stop such conspiracy *42 U.S.C. § 1986*.  Defendants engaged in a concerted effort to prosecute Plaintiff Gill and to seek a conviction for his protesting the lawfulness of the search of his property ***without probable cause*** to believe that Plaintiff Gill or any of his tenants at his boarding house had committed ***any*** crime. *Hand v. Gary, 838 F. 2d 1420, 1426 (5th Cir. 1988).*

74.      Defendants maliciously caused a criminal proceeding to be brought against Plaintiff Gill and subjected him to harassment and ridicule.  The issuance of the arrest warrant does not insulate the state actors such as the individual defendants named herein, and the "***malicious action of government officials***" as in the case, *sub judice,* in the taking and destroying of property of the Plaintiffs. *Sanders v. English, 950. F. 2d 1152, 1163 (5th Cir. 1992). Hand, supra*, 838 F.2d at 1426.

75.      The Defendants, and each of them, by their acts and conduct; and what can be "seen by their efforts", were of a "concerted activity" and conspiracy to deny Plaintiff of his life and liberty; and rights of due process; and such action constituted a deprivation of Plaintiff's life and liberty.  As a result thereof, Plaintiffs are entitled to any and all relief available to them including actual, compensatory and punitive damages.  "A conspiracy may be proven . . . by the acts of the conspirators, as by anything they may say, touching what they intended to do."

*Ameristar Jet Charter, Inc., v. Signal Aerospace,* 2001 U.S. District LEXIS 14020 at *21 (N.D. Tex. Sept. 7, 2001).

76.     Plaintiffs would show that Defendants, and each of them, participated in the conspiracy to deprive Plaintiff Gill of his federally protected rights.  These actions have been with deliberate indifference and management of the Defendant, City of Philadelphia and Defendant County and these Defendants have "done nothing" to stop these individuals from abusing the legal process, conspiring to violate the civil rights of the Plaintiffs; and engaging in acts and conduct to cause Plaintiffs to suffer injury, damage and loss for which he seeks recovery from the Defendants, jointly and severally.

77.     As a result thereof, Plaintiffs are entitled to recover any and all damages that he has incurred as a result of their conspiracy, actual, compensatory and punitive; and any additional relief as awarded by this Court.

### COUNT VI

78.     Plaintiffs re-allege and hereby incorporate by reference and make a part hereto each and every one of the above numbered paragraphs, inclusive of the allegations of fact contained in said paragraphs.

79.     During all material times alleged herein, ***Defendant Payne*** was a Constable with the Neshoba County Sheriff's Department.  As a result of Defendant Payne's acts and conduct, which were intentional and malicious, Plaintiff Gill was deprived of his life, liberty and property, including his employment benefits causing Plaintiff to suffer injury, damage, and loss.  As a result of said acts and conduct, including the bodily harm to Plaintiff Gill, he also harassed him on the basis of his race, African American, Plaintiff Gill is entitled to any and all relief available to him, including but not limited to actual and compensatory damages.

## COUNT VII

80.     Plaintiffs re-allege and hereby incorporate by reference and make a part hereto each and every one of the above numbered paragraphs, inclusive of the allegations of fact contained therein.

81.     During all material times alleged herein, ***Defendant Gore*** was an officer with the Philadelphia Police Department; and he arrested and detained Plaintiff Gill along with ***Defendant Payne***. As a result of Defendant Gordon's acts and conduct, which were intentional and malicious, Plaintiff Gill was deprived of his life, liberty and property, causing Plaintiff to suffer injury, damage, and loss.  As a result of said acts and conduct, Plaintiffs are entitled to any and all relief available to them.

## COUNT VIII

82.     Plaintiffs re-allege and hereby incorporate by reference and make a part hereto each and every one of the above numbered paragraphs, inclusive of the allegations of fact contained in said paragraphs.

83.     During all material times alleged herein, ***Defendant Waddell*** was Mayor of the City of Philadelphia, Mississippi.   As a result of Defendant Waddell's acts and conduct, which were intentional and malicious, including but not limited to the conspiring for the issuance of the search warrant of May 16, 2009; harassment of Plaintiffs by illegally have their property searched; and participating in the federal malicious prosecution that resulted in the constitutional deprivations alleged herein such as his life, liberty and property causing Plaintiff to suffer injury, damage, and loss.

84.     As a result of said acts and conduct, including the bodily harm to Plaintiff Gill, he also harassed Plaintiffs on the basis of their race, African American; and Plaintiffs are entitled to

any and all relief available to them for the acts and conduct alleged herein, including but not limited to actual, compensatory and punitive damages.

## COUNT IX

85.     Plaintiffs re-allege and hereby incorporate by reference and make a part hereto each and every one of the above numbered paragraphs, inclusive of the allegations of fact contained in said paragraphs.

86.     During all material times alleged herein, ***Defendant Lovorn*** was an officer with the Philadelphia Police Department.  Defendant Lovorn used excessive force to arrest Plaintiff Gill and detain him on May 16, 2009; and to initiate the prosecution of Plaintiff Gill after the raid on May 16, 2009 after complaints were made against him by Plaintiff Randy Gill by letter to the Chief of Police on May 16, 2009; and he conspired with ***Defendant Wadell*** to prosecute Plaintiff Randy Gill for the charge of Disorderly Conduct; and to deprive him of his constitutionally protected rights; and he further deprived Plaintiff Gill of his life, liberty and property, causing Plaintiffs to suffer injury, damage, and loss.  As a result of said acts and conduct, Plaintiffs are entitled to any and all relief available to them.

## COUNT X

87.     Plaintiffs re-allege and hereby incorporate by reference and make a part hereto each and every one of the above numbered paragraphs, inclusive of the allegations of fact contained in said paragraphs.

88.     During all material times alleged herein, ***Defendant Smith*** was an officer with the Philadelphia Police Department.  Defendant Smith used excessive force to arrest Plaintiff Gill and detain him on May 16, 2009; and to initiate the prosecution of Plaintiff Gill after the raid on May 16, 2009 after complaints were made against him by Plaintiff Randy Gill by letter to the

Chief of Police on May 16, 2009; and he conspired with Defendant Rayburn to prosecute Plaintiff Randy Gill for the charge of Disorderly Conduct; and he further deprived Plaintiff Gill of his life, liberty and property, causing Plaintiffs to suffer injury, damage, and loss.  As a result of said acts and conduct, Plaintiffs are entitled to any and all relief available to them.

## COUNT XI

89.     Plaintiffs re-allege and hereby incorporate by reference and make a part hereto each and every one of the above numbered paragraphs, inclusive of the allegations of fact contained in said paragraphs.

90.     The individual Defendants named ***Rayburn, Lovorn, Payne***, et al herein willfully, intentionally, and maliciously violated Plaintiff's due process rights secured by the United States Constitution and they engaged in a civil conspiracy to violate his civil rights in violation of 42 U.S.C. § 1985.

91.     That the individual Defendants under the facts set forth herein engaged in an agreement or "meeting of the minds" of an end or course of action that was unlawful and in violation of the federally protected rights of Plaintiff Gill; and that these overt acts were the proximate result of damages suffered by him.

92.     As a result thereof, Plaintiffs are entitled to recover any and all damages that they have incurred as a result of their conspiracy and the unlawful discrimination and racial profiling by the Defendants named herein.

## COUNT XII

93.     Plaintiffs re-allege and hereby incorporate by reference and make a part hereto each and every one of the above numbered paragraphs, inclusive of the allegations of fact contained therein.

94.     Plaintiff Randy Gill's treatment by the Defendants, and each of them, has caused he and his wife, Beverly Gill,  to sustain mental anguish and emotional stress and the resulting damages, which have affected him mentally, psychologically, and physically and for which he is entitled to recover of, from, and against Defendants.

## COUNT XIII

## PUNITIVE DAMAGES

58.     Plaintiffs re-allege and hereby incorporate by reference and make a part hereto each and every one of the above numbered paragraphs, inclusive of the allegations of fact contained in said paragraphs.

96.     The actions and conduct of the individual Defendants as alleged herein were done in such willful and wanton disregard for the rights of Plaintiff, that he is entitled to recover of, from, and against Defendants punitive damages over and above the actual and compensatory damages sustained by Plaintiffs as a result of Defendants' outrageous conduct; and the deprivations as set forth herein.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** based on the foregoing allegations, Plaintiffs Randy Gill and Beverly Gill, request that this Court assume jurisdiction over this cause and upon a hearing of the merits in this cause, and grant the following relief:

a.     Award Plaintiffs a judgment against Defendants City of Philadelphia, Mississippi, Neshoba County, Mississippi, et al in the amount of ***$2,500,000.00*** for their actual and compensatory damages to which they are entitled for injury, damage, and loss suffered as a result of Defendants' violations as set forth herein.

b.      Award Plaintiffs punitive damages against the individual Defendants, *Rayburn*, et al jointly and severally in the amount of *$750,000.00* for the willful and wanton conduct that was intentional, premeditated, and in violation of Plaintiff's federal and state protected rights, said damages to be assessed to deter such conduct in the future.

c.      Award Plaintiffs Gill all costs and attorney's fees incurred in the prosecution of this action.

d.      Order Defendants, its officers, agents, employees, successors, assigns, and all persons in active concert or participation with them from engaging in any defamation of Plaintiffs Gill's character and reputation and to purge Plaintiff's file of any and all derogatory and false documents; and to expunge the records of any such charge or violation arising from the raid of May 16, 2009; provide any and all injunctive relief that Plaintiffs may be entitled to in the premises.

e.      Award Plaintiffs Gill all such other and further relief as may be necessary and proper and to which they are otherwise entitled pursuant to the provisions of *42 U.S.C. §§ 1981, 1983, 1985, and 1986*; the First, Fourth and Fourteenth Amendments to the United States Constitution; and other and further relief under the laws of the State of Mississippi that applies in the case, *sub judice*.

**RESPECTFULLY SUBMITTED**, this the 15th day of May, 2012.

**RANDY GILL AND BEVERLY GILL,
PLAINTIFFS**

BY: **JOHN M. MOONEY, JR.,
THEIR ATTORNEY**

**LAW OFFICES OF JOHN M. MOONEY, JR., PLLC**
208 Waterford Square, Suite 100
Madison, Mississippi 39110
Telephone: (601) 981-9555
Facsimile:  (601) 981-7922
MBIN:      3431

<u>**REQUEST FOR TRIAL BY JURY**</u>

**COMES NOW** the Plaintiffs, **RANDY GILL** and **BEVERLY GILL**, by and through

counsel, and respectfully requests this Court to grant them a trial by jury of their peers.

**RESPECTFULLY SUBMITTED**, this the 15th day of May, 2012.

_____
**JOHN M. MOONEY, JR.**